thank you your honors may it please the court my name is Matthew Smock a pro bono attorney for the petitioner Edwin Eduardo Campos Mejia. Petitioner Campos Mejia is a 30-year resident of the United States suffers from several mental illnesses including a bipolar disorder, a trauma disorder, major depression with psychotic features, and auditory and visual hallucinations. Faced with deportation he seeks relief from removal, asylum, withholding of removal into the INA, and protections under the Convention Against Torture fearing his return to Guatemala based on an abusive police force and and persecution and torture that will result from his mental illnesses. Here the BIA erred in arriving at all three of his conclusions. First the failing to consider petitioners competency and employ safeguards is required by the BIA's own precedent under matter. Let me just interrupt you to ask the following it appeared to me that what the BIA said essentially was that I mean one can read this several ways but it seems to me that one thing that one possible reading is we know that the respondent there the petitioner here has serious mental illness but it looks like there was any error in not recognizing that was harmless because he the other the other requirements so do you read it the same way if not why not and if so is that a permissible conclusion? Well your honor under first under matter of MAM there's there's nothing in there requiring any kind of showing of prejudice all that's required is the indicia of incompetency and if that appears the competency needs to be determined there needs to be a written reasoning of that decision and then formal safeguards need to be employed and reasoning for that and I think one of the main reasons for that is to ensure fairness in all proceedings that all persons potentially incompetent receive the same protections and also to to create a level of certainty so so that after the fact there's no uncertainty as to whether you know was the petitioner competent was it seems like you know the immigration judge try to do its its best and it's sometimes difficult to see you know how that how the competency can affect the proceedings and that's in large part due to the fact that competency is defined by the ability of the litigant to communicate with the attorney so it's sometimes difficult to see and so the purpose of MAM is to create that uncertainty and so for that reason I don't think that there is a specific prejudice requirement I do I do think though that there was prejudice here and that the the steps the immigration judge took when he noticed there being some kind of issue doesn't replace the formal safeguards that are required including and of course the immigration judge is in the best position to handle this so there is some discretion there but some of those safeguards that could have been employed here were more active aiding in the development of the record to ensure that all aspects of petitioners application were covered not and not merely just kind of follow-up questions when he seemed to be skipping around in his testimony making sure at the beginning of each hearing that he was on his medications here he wasn't he wasn't on his medications at one of the hearings and he was permitted to be cross-examined by the government and there's was extensive testimony in the record showing that he requires those medications without those medications he's a completely different person personality changes and completely transforms and even as he described it at one point in the record that he feels a pressure in his head and he feels out of equilibrium and so requires his medications there so that that shouldn't have occurred and the the reason the formal safeguards I think need to be put in place is you know the immigration judge seemed more concerned with kind of protecting the record and not for the case not coming back but if he addressed this as a company issue I think formal safeguards what to be fair that he wasn't asked to he certainly was not and and to matter of MAM doesn't require doesn't require the issue to be raised by the attorney and it places the duty on the immigration judge because it really goes to I think the fundamental fairness of the proceedings and so you know the BIA relied on that in its determination but that doesn't find any support in a matter of MAM itself and is the reliance that the BIA reference on the findings that the BIA made is that sufficient to say that they addressed this whole competency issue and therefore the petitioner didn't waive it yes I think that's right up I think the the cases in the briefing really show that really show that the BIA doesn't simply dedicate paragraphs to an issue discuss multiple factors involved and then at the end of the day say you know we decline something to the effect if we declined to remand or we don't find remand is warranted let me ask you you I'm pushing your briefs the the whole constitutional due process right to the procedural safeguards but you also talk about MAM so it seems like there's two options you're talking more today about it making the BIA adhere to its own safeguards that it identified procedural safeguards that identified in MAM are those two different routes to take and which one are you lobbying for here today so I think the analysis is similar both you're looking at both really go to the heart of the fundamental fairness of the proceedings I think a due process violation occurred and I will submit that that in the briefing I think we've identified enough instances of prejudice and to the extent there aren't more I'll submit that that's a result of the nature of incompetency is a lot of those instances are going to be burrowed in the attorney-client relationship in the way the case is prepared in the way the petitioner is unable to assist his attorney in preparing and identifying witnesses and relevant facts so I think there's enough on this record to show I was going to say in general we adhere to a principle that if we can avoid constitutional questions we will so why wouldn't we first consider the question whether the agency followed its own required procedures rather than delving right into the constitutional issue well I think this I think on this record the only the only appropriate recourse as it's five years after the fact it's going to be difficult on remand to conclude that 100% whether he's competent or not I think the only appropriate remedy here is a is a new hearing and under the do I think you may have misunderstood my question judge Murguia asked you whether you preferred a due process route or an agency didn't follow its own rules route and I guess my question is why wouldn't we first consider the non-constitutional ground for your claim regardless of what the right relief is because I don't see that the relief would be any different I I think based on based on the record I think you can go that route in going the agency view but I would I would ask and submit that under that view it's a it would be appropriate to remand with instructions to order a new hearing some of the some of the unpublished dispositions in this in this circuit and the BIA the dispositional language is a little more open-ended when there's when the courts have found errors under matter of ma'am but I don't think that there's any I don't think there's anything preventing you know a more full and explicit kind of order to order for a new hearing under under that framework as well so yeah I would submit that yes I think analyzing it under the agency framework is appropriate as well thank you counsel we've used up your time but we asked a lot of questions you may have a minute for rebuttal when the time thank you your honor good morning your honors my name is Sarah for the lazy and I represent the Attorney General of the United States may it please the court your honors this court should deny the petition for review in this case because the alien has failed to establish that he was eligible for most of the relief he sought because of his criminal convictions which the board reasonably determined were particularly serious crimes additionally the court should deny the petition for review because the alien also failed to establish that he was doing I mean doesn't the fact that there might be a competency issue or the IJ affect the particular serious crime determination that's a great question your honor we would conduct the the due process the competency question is unaffected in this case doesn't affect the particularly serious crime analysis because board reasonably determined all the frontescue factors in for serious a particularized crime the IJ is supposed to take into consideration they can take into consideration everything and not just the judgment of the conviction but any possible explanation or comments made by the petitioner and if the petitioner was not competent or if there was questions surrounding his competency how is it that that can not be affected your honor the board is supposed to consider the facts and circumstances of the underlying conviction but facts and circumstances can be proved by more than just testimony and the board in this case considered the facts and circumstances of the two convictions namely especially in considering the 2010 conviction the board found that the fact that no injury had occurred did not outweigh the inherent dangerousness of the felony DUI conviction additionally the board considered other verifiable facts in the record based on the convictions for the 2010 and 2008 conviction but what if the petitioner if he'd been competent had offered some and I you know I don't know it's possible he won't offer perhaps something that would mitigate to a substantial degree the other factors that the courts both the IJ and the BIA could consider but it's certainly possible that he might in light of his competency issue shouldn't we hold off on that until that whole competency area is straightened out a remand in this case with respect to the competency issue is not necessary your honor why not because the alien has failed to establish one that the board erred and abused its discretion in making him adhere to the regular waiver rule and to even if the court doesn't I don't understand that because the we regularly review things that the BIA considers on the merits and they did consider this issue on the merits there's quite a lengthy discussion of emotion or any other formal action on the part of the alien or the aliens counsel to trigger the requirements so I don't understand where waiver comes into it absolutely your honor at as a matter at the immigration court level competency is a very complicated question and no party bears the formal burden of proof the court considers competency when it needs to but there is a presumption of competent that an alien is competent to participate in his proceedings I think our argument might have been muddled by the petitioner in the sense that we've argued that the waiver rule applies at the board level not at the immigration court the alien but the BIA considered the issue on the merits and ruled on it so why isn't it available for us because that's exhaustion absolutely if you find that the board properly exhausted it then you can reach the competency issue and if you do I'm sorry and if you do your honor and you review procedural due process claims de novo and we would argue that the petitioner has failed on both counts here to prove both that he said that his proceedings were not fundamentally fair and that he suffered prejudice due to the failure of the immigration judge to make an explicit competency fine what is your response though to the non-constitutional argument that the agency failed to follow its own requirements as laid out in matter of MAM in other words whether or not it's a due process violation it appears that MAM sets out requirements and procedures for immigration judges to so why wouldn't we start there before we reach due process they the due process considerations the two factors within due process and adherence to matter of MAM are very related in this case I would argue that they are two sides of the same coin the competency issues are complicated and almost a moving target because an alien's competence must be addressed you know an alien's competence can change and an immigration judge's failure to make an explicit competency finding while that may be a due process error may nonetheless be harmless if the alien was nonetheless provided all of the safeguards that what were the safeguards that were provided here by the IJ there were many your honor and even though they were not provided after an explicit competency finding they were in place and they're the procedural safeguards that are described in many of the board's subsequent precedential decisions about competency for example probably one of the most significant ones that was not addressed here and probably significant to this petitioner was the medication and determining whether or not he was getting the treatment that he needed or if he needed to be sent somewhere evaluated or anything like that there's a lot of throughout the transcript and the colloquies that he had with the IJ that would certainly support the IJ specifically inquiring and if that procedural requirement wasn't met isn't that enough? Your honor, the matter of MAM and its subsequent precedential decisions discussing safeguards with respect to competency do not set out a clear checklist of safeguards that must be And the IJ did ask him questions and I think his family was present was witness and so that's all things that can be considered but if you look up at the February 2013 hearing and in particular when the government was cross-examining Mr. Kampos Mejia with the particular focus on his criminal record and history of incarceration you know there's a certainly at least one part and other parts in the transcript and you'll find it at AR 224-225 and after talking to the government saying are you and you were having visual and auditory hallucinations correct? Kampos Mejia says true and those conditions were controlled by medication correct? Well how are you functioning now without medication and Kampos Mejia says I'm not functioning quite well there's an why don't you describe what you mean by that? Kampos Mejia okay for instance I have my right hand my left hand and they cannot balance each other and because of that I have to my mind my complete equilibrium my memories of all my life are in my head and they're going around in circles and they are they're all the time going around and around right now I feel like a very strong pressure inside my head what the medication does is that relieves that pressure do you still have thoughts of hurting myself and it goes on and neither his counsel nor the immigration judge at that point or subsequent said what's going on here and do you need medication? I talked to ask the I his counsel do you think he's competent nothing. Is that where MAM suggests to the IJ that he should have done something what what more needs to be? Perhaps your honor and perhaps the immigration judge at that point should have made an explicit competency finding however the immigration judge nonetheless continued to apply safeguards for example. But not even a finding but I mean he needs to ensure that he's competent and I don't know if they had enough he had enough information but to say maybe yeah you're not competent especially in light of the fact this individual had a head injury I mean it's not and he had scores of records of medical records indicating that he was suffered from depression and I think it's schizophrenia all kinds of issues yeah so I mean I'm not quite sure what more it would have required there should have been in front of the IJ for the IJ to have taken this issue more seriously and and and done everything possible within what the MAM procedural safeguards suggest. Again while the I see I'm out of time may I please go ahead and answer while the immigration judge could have done more immigration judges often can do more a fundamentally fair proceeding may not be a perfect proceeding however this immigration judge took pains in multiple instances in the record to make sure that the alien understood the nature of his proceedings and and when his lack of medication in this hearing that you cite Ms. Mejia Judge Mejia excuse me came up the immigration judge should not make an explicit competency finding or ask the competency directly but the immigration judge did continue proceedings and in concluding that the alien wasn't eligible for the relief he sought the immigration judge based those conclusions not on his testimony but on that may have been incomplete and that may have been spotty at times due to his mental illness but based on objective verifiable facts in the record and for that reason your honors we ask that the court deny this petition for review thank you very much thank you counsel thank you your honors I'll be brief as I know I have limited time here I know you have limited time but I do want to ask you what do we do with particularized particular series of crimes finding do we go on the record we have here is it affected in any way by the competency question or do we if for a chance we do find that there's a need for remand do we not reach that issue at this time I think I think it would make sense to you know if with a remand for competency if you know if a new if a if a new hearings ordered I don't think there's a need to for some other limited purpose I think that the particular serious crimes issues should be addressed at that time as well as a couple let me just follow up on that and you can still have your couple of points I can envision a situation in which competency and fail you to follow all the requirements of felony conviction for secondary murder and been in prison and so forth that they'd have an aggravated felony it sort of wouldn't matter to the outcome how would it matter potentially to the outcome on particularly serious crime so it goes to the evidence that would have been that could have been presented here again it goes to the the ability to assist the attorney in preparing for the case you having recognized the government was going to rely on these convictions it would have allowed mr. compos me to confer with his attorney and present more evidence I think on more mitigating factors you know the record is pretty bare the record is pretty bare on circumstances going either way but there is testimony from his mother that he didn't hurt anyone in the DUI's and that's a that's a very important fact and one that the BIA and IJ acknowledged which makes their ultimate conclusion that the DUI was particularly serious somewhat baffling but yeah I the competency infects the entire proceedings and it's not only the particularly serious crimes determination but also the you know the cat claim as well it both opinions seem overlook not even consider the possibility that he's gotten into a lot of trouble in his past unfortunately because of mental illnesses which have led to alcohol abuse and abnormal behaviors led to a lot of run-ins it's pretty well documented the police force in Guatemala is abusive involved in all kinds of crime and certainly a good possibility that you know he would have those run-ins and and face a much higher likelihood than than that citizen then the average citizen in Guatemala and you know had had he been able to better communicate with his attorney safeguards been in place to ensure everything was covered I think we would have had a more wholesome record on that issue as well you sum up now you answer my question thank you two more quick points number one nothing in matter of MAM itself requires prejudice understood that the due process due process application due process and immigration proceedings often does the agency here gave a reasonable read of its its regulations and due process principles and came up with this framework and the BIA is frankly bound to follow its own residential decisions unless it states it's departing from from them provides reasons for the departure and and modifies the earlier interpretation and I published a opinion thank you counsel thank you the case just argued is submitted we appreciate the helpful arguments from both of you and in particular we thank you for taking on this case pro bono our program is exceedingly helpful to the court and we're grateful to lawyers who are willing to do that
judges: Graber, Murguia, Davila